**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santiago ENCISO–HERNANDEZ,**
**Defendant–Appellant.**

**No. 04–41681**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 2006.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM.*

Santiago Enciso–Hernandez appeals his guilty-plea conviction and sentence for being an alien unlawfully found

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the United States following deportation after having been convicted of an aggravated felony. Enciso–Hernandez argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). The claim is dismissed. *See id.* at 1102.

Enciso–Hernandez argues for the first time on appeal that, in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court plainly erred by sentencing him pursuant to a mandatory sentencing guidelines regime, a so-called *Fanfan* error. Although he concedes that the issue is foreclosed, he seeks to preserve for further review whether this court should review his *Fanfan* claim de novo because the remedial provisions of *Booker* were "unforeseeable and entirely novel" at the time he was sentenced. Enciso–Hernandez also seeks to preserve for further review whether this court's requirement in *United States v. Bringier,* 405 F.3d 310 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005), that the defendant prove that the error affected his substantial rights, is inconsistent with the reasonable probability standard set forth in *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

■ Where *Fanfan* error is raised for the first time on appeal, review is for plain error. *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). The mandatory application of the Guidelines after *Booker* is an error that is plain. *Id.* at 733. Enciso–Hernandez has not shown that his substantial rights have been affected, however, because the sentencing transcript is silent with regard to whether the district court would have imposed a different sentence had the guidelines been advisory. *See id.*

■ Enciso–Hernandez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Enciso–Hernandez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Enciso–Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Enciso–Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.